IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **Oxford House, Inc. and Moaz Ohio, LLC** | ) |
| | ) Case Number: 1:25-cv-00754 |
| Plaintiffs, | ) |
| vs. | ) Judge: |
| | ) |
| **City of Ironton, Ohio** | ) Magistrate: |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

---

## VERIFIED COMPLAINT

1. This is an action for declaratory, monetary, and injunctive relief principally seeking to enjoin the City of Ironton, Ohio ("City" or "Ironton") from enforcing its zoning code in a manner which prevents persons in recovery from alcoholism and drug addiction from living in residential neighborhoods. The City has a policy through a blanket group housing moratorium which effects housing for persons in recovery from alcoholism and drug addiction. This prevents the establishment of housing for persons who desire such housing, in a manner which violates the Fair Housing Act and Americans with Disabilities Act. The moratorium, Section 1282.09 of the Ironton City Code, enacted on December 23, 2021, prohibits such housing. The ordinance which both facially and as-applied discriminates against housing providers for recovering alcoholics and substance abusers makes housing unavailable for a protected class under the federal Fair Housing Act. In addition, the City

1

has refused to make a reasonable accommodation pursuant to the Fair Housing Act by its failure to make a process available to address such a request, and instead has filed a criminal matter against Plaintiff, Moaz Ohio, LLC. The City's policy of making group housing unavailable to recovering alcoholics and substance abusers violates the Federal Fair Housing Act in 42 U.S.C. §§ 3601 et seq. and the Americans with Disabilities Act in 42 U.S.C. §§ 12101 et seq.

## JURISDICTION AND VENUE

2. This action arises under the Fair Housing Act of 1968 ("FHA"), as amended, 42 U.S.C. § 3601, et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1213, et seq.

3. This Court has jurisdiction under 28 U.S.C. Section 1331.

4. The Southern District of Ohio is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because all of the events or omissions giving rise to the instant claims occurred within this district.

5. Declaratory and injunctive relief is sought pursuant to 42 U.S.C. § 3613(c)(1) and 42 U.S.C. § 12133, as well as Rules 57 and 65 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff, Oxford House, Inc. ("Oxford House") is a Delaware Not for Profit Corporation, with a principal place of business in Silver Spring, Maryland. In 1977, Oxford House was founded in Silver Spring, Maryland by a group of men residing in a Montgomery County, Maryland-run halfway house for alcoholics. Montgomery County lost the lease on the house and the residents, in fear of losing this important source of support for maintaining sobriety, assumed the lease. Today, Oxford House is an umbrella organization serving all individual Oxford Houses throughout the United States, and has exclusive authority for

chartering individual Oxford Houses. It assists in the establishment of affordable housing and support to individuals with disabilities including those who are recovering from substance abuse and/or alcoholism, such as Oxford House Jaipur located at 522 5th Street, Ironton, Ohio. All Oxford Houses are required to follow three rules: each chartered Oxford House must (1) be financially self-supporting, (2) be democratically run, and (3) immediately expel anyone who relapses into drug and/or alcohol use.

7. Oxford House's program of providing housing for recovering alcoholics and substance abusers is so successful that the Surgeon General cited it in his 2016 report titled: "Facing Addiction in America:" The Surgeon General Report on Alcohol, Drugs and Health. *See* Chapter 5 for discussion of Oxford House. https://addiction.surgeongeneral.gov/.

8. Today, there are more than 2,000 Oxford Houses nationally located in forty-six states.

9. Plaintiff Moaz Ohio, LLC, ("Moaz") is the owner of Oxford House Jaipur located at 522 5th Street, Ironton, Ohio.

10. Defendant City of Ironton, Ohio, is a municipal corporation in Lawrence County, Ohio, organized under the Constitution and laws of the State of Ohio.

11. Ironton is responsible for the acts of its agents and employees, and is responsible for the enforcement of its zoning, building and property maintenance codes.

12. Ironton is a public entity under the ADA, 42 U.S.C. 12131.

## STATUTORY AND REGULATORY FRAMEWORK

13. In 1988, Congress amended the Fair Housing Act ("FHA"), 42 U.S.C. Section 3601 et seq., to extend the guarantee of fair housing to handicapped individuals. Congress also authorized the Secretary of the United States Department of Housing and Urban Development to promulgate regulations to implement FHA 42 U.S.C. Section 3614(a).

3

14. Under the FHA, the term "handicap" means, with respect to a person, a "physical or mental impairment which substantially limits one or more of such person's major life activities, a record of such an impairment, or being regarded as having such an impairment." 42 U.S.C. Section 3602(h). The term "physical or mental impairment" includes 'alcoholism' and "drug addiction (other than addiction caused by current, illegal use of a controlled substance)." 24 C.F.R. Section 100.201.

15. Under the FHA, it is unlawful to discriminate against or otherwise make unavailable or deny a dwelling to any buyer or renter because of a handicap of that buyer, renter, or person residing in or intending to reside in that dwelling after it is sold, rented, or made available. 42 U.S.C. Section 3604(f)(1).

16. The FHA further provides that it is unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of the handicap of that person or persons residing in or intending to reside in that dwelling after it is sold, rented, or made available. 42 U.S.C. Section 3604(f)(2).

17. The federal regulations implementing the FHA specifically prohibit, as a discriminatory activity, providing municipal services differently because of handicap. 24 C.F.R. 100.70 (d)(4).

18. The federal regulations implementing the FHA further make it unlawful, because of handicap, "to restrict or attempt to restrict the choices of a person by word or conduct in connection with seeking, negotiating for, buying or renting a dwelling so as to . . . discourage or obstruct choices in a community, neighborhood or development." 24 C.F.R. Section 100.70(a).

4

19. The American with Disabilities Act ("ADA") requires that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, program, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. Section 12132.

20. The federal regulations implementing the ADA prohibit a public entity from administering a licensing program in a manner that subjects qualified individuals with disabilities to discrimination on the basis of disability, nor may a public entity establish requirements for the programs or activities of licensees that subject qualified individuals with disabilities to discrimination on the basis of disability. 28 C.F.R. Section 35.130(6).

21. The federal regulations implementing the ADA also make it unlawful for a public entity, in determining the site or location of a facility, to make selections that have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination; or that have the purpose or effect of defeating or substantially impairing the accomplishments of the objectives of the service, program, or activity with respect to individuals with disabilities. 28 C.F.R. Section 35.130(b)(4).

## **GENERAL ALLEGATIONS**

22. Defendant has engaged in a pattern and practice of conduct with the intent, purpose, and/or effect of discriminating against persons with handicaps or disabilities. This discrimination has been carried out through the use of, amongst other things, refusal to provide a reasonable accommodation, the City's lack of a reasonable accommodation procedure for zoning matters, arbitrary interpretation of zoning laws and, even if not arbitrary, unreasonably restrictive zoning policies in violation of the Fair Housing Act that have limited Plaintiffs' ability to operate in residential zones within the City. Defendant's

conduct has threatened to deprive Plaintiffs' current and proposed handicapped and disabled residents the benefit of independent housing opportunities that they so sorely need.

## FACTS

23. The City has established a moratorium on group homes as described in Ironton Code Section 1282.09.

24. Said section states that " 'Group Residential Home or Facility' means any home or place where persons are located for housing by a community addiction services provider or a residential disabilities provider. Further that, "[a] moratorium upon the establishment of any group residential home or facility as defined herein above is hereby imposed for a period of one year from the effective date of this section." Upon information and belief, this moratorium has been extended by the City.

25. On March 3, 2025, the City, through Mark V. Dickess, Public Service Director, City of Ironton, Ohio, issued a notice of violation via the United States Postal Service to Plaintiff Moaz regarding the property owned by Moaz located at 522 5th Street, Ironton, Ohio. The notice alleged that the property is in violation of City Code Section 1250.05(b) because said section prohibits more than three unrelated individuals living in a single dwelling unless all members are related by blood, marriage, or adoption.

26. Section 1250.05(b) defines "family" as "one or more persons occupying a single dwelling unit. Unless all members are related by blood, adoption or marriage, no such family shall contain over three persons."

27. Section 1258.02 states "[i]n a Residence R-1 Single-Family District, no building, structure or land shall be used and no building structure shall be erected, altered or enlarged which is arranged, intended or designed for other than one of the following uses:

(a) Residential. One-family dwellings;"

28. Oxford House Jaipur is located in a "Residence R-1 Single-Family District" as defined by the City.

29. On March 24, 2025, Oxford House sent a letter to the City stating that the residents of the property were disabled pursuant to the FHA and requested reasonable accommodations.

30. On March 27, 2025, the City, through its solicitor Brigham M. Anderson, responded to Oxford House by reiterating the City code prohibiting more than three unrelated individuals from living together in the same dwelling.

31. On April 16, 2025, Mark Dickess on behalf of the City, executed a criminal affidavit.

32. On April 29, 2025, the prosecuting attorney Brigham M. Anderson—who is also the City solicitor—criminally charged Moaz in the Ironton, Ohio, Municipal Court in case number CRB2500241, alleging a violation of City Code Section 1250.05(b).

33. Moaz filed a motion to dismiss alleging, among other defenses, that the FHA preempts and prohibits enforcement of the City code.

34. The state municipal court denied the motion to dismiss without analysis on September 25, 2025, and set the matter for trial on Friday October 17, 2025, at 9 a.m.

## <u>NOTICE OF INTENT TO SEEK PRELIMINARY INJUNCTION</u>

35. Plaintiffs intends to seek a preliminary injunction pursuant to Fed. R. Civ. P. 65(a) restraining the City from discriminating against Plaintiffs and the residents of the subject Property as well as interfering with Plaintiffs' current operation of Oxford House Jaipur as a home for disabled recovering alcoholics and substance abusers, and/or from interfering in Oxford House's residents' rights to reside at the property.

36. Pursuant to S.D. Ohio Civ. R. 65.1(b) this request will be made in a pleading separate from the Complaint.

## COUNT I – VIOLATION OF THE FAIR HOUSING ACT

37. Plaintiffs reiterate paragraphs number one through thirty-six.

38. Defendant, The City of Ironton, is violating Plaintiffs' rights under the Fair Housing Act, 42 U.S.C. Sections 3601, et. seq, and its implementing regulations by:

    a. Denying and otherwise making housing unavailable to the Plaintiffs' residents because of their disability;

    b. Using the City's zoning, property maintenance and building codes as a pretext to exclude the Plaintiffs and their residents because of their disability;

    c. Enforcing discriminatory zoning, property maintenance and building rules and policies on the Plaintiffs and their residents because of their disability;

    d. Interfering with the right of the Plaintiffs' residents to live in the dwelling of their choice;

    e. Failing to make reasonable accommodations in its zoning, building and property maintenance codes so as to afford the Plaintiffs' residents an equal opportunity to use and enjoy the aforementioned dwelling; and

    f. Retaliating against Plaintiffs because of their exercise their fair housing rights.

39. The Fair Housing Act prohibits the discriminatory practice of refusing to make reasonable accommodations for housing for disabled persons. 42 U.S.C. 3604(f)(3)(B).

40. Defendant has violated the Fair Housing Act because the City's blanket moratorium on group homes as set forth in City Code Section 1282.09 precludes the consideration of

reasonable accommodations for disabled persons being housed in the Property which forms the subject of the instant case.

41. Furthermore, the City ordinance in question is not a total occupancy limit and is preempted by the Fair Housing Act requiring reasonable accommodations of the handicapped Oxford House Jaipur residents residing at the Property.

## COUNT II – AMERICANS WITH DISABILITIES ACT

42. Plaintiffs reiterate paragraphs number one through forty-one.

43. The Plaintiffs, Oxford House and Moaz are associated with, and/or providing housing to people with disabilities as defined in 42 U.S.C. Section 12102(2).

44. The Defendant, the City of Ironton, Ohio, is a public entity under 42 U.S.C. Section 12131(1).

45. The actions of the Defendant, the City of Ironton, Ohio, to exclude Plaintiffs from residential zones violate the rights of the Plaintiffs under the Americans With Disabilities Act, 42 U.S.C. Section 12132 et. seq., and the regulations promulgated thereunder by:

   a. Denying the individual Plaintiffs' residents who are in recovery from alcoholism and substance abuse the opportunity to participate in or benefit from the supportive housing program offered by Oxford House, Inc.;

   b. Using land use, building and property maintenance ordinances and methods of administering those ordinances with the purpose of subjecting the Plaintiffs to discrimination on the basis of their handicap;

   c. Subjecting the Plaintiffs' residents, on the basis of their disability, to discrimination;

d.  Denying the individual residents of Oxford House Jaipur, those in recovery, an opportunity to participate in a program in the most integrated setting appropriate to their needs;

e.  Denying the individual Plaintiffs and people with disabilities an equal opportunity to participate in or benefit from services and programs equal to those of people without disabilities;

f.  Utilizing licensing and permit requirements to provide municipal code enforcement services that, as applied to disabled persons who are recovering alcoholics and drug addicts, violate the Fair Housing Act, 42 U.S.C. Sections 3601, et. seq. and the regulations promulgated thereunder and/or the Americans With Disabilities Act, 42 U.S.C. Section 12132 et. seq. and the regulations promulgated thereunder. Utilizing licensing and permit requirements, a requirement not imposed upon other groups of related or unrelated non-disabled persons, to deny Plaintiffs because of the handicap of the residents of Oxford House Jaipur, the enjoyment of any rights.

## JURY DEMAND

46. Plaintiffs demand a trial by jury on all issues.

## RELIEF REQUESTED

47. Upon the filing of a motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a) and S.D. Ohio Civ. R. 65.1(b), enter preliminary and permanent injunctions restraining Defendant, including City of Ironton, Ohio, its officers, employees, agents, attorneys and successors, and all persons in active concert or participating with any of them, from taking actions either directly or indirectly which would interfere in any way with Plaintiffs' current use of the dwelling located at 522 5th Street, Ironton, Ohio as a home for recovery for

substance abusers, and/or from interfering in any way with the rights of the Plaintiffs' residents to reside in those premises.. Additionally and specifically preventing the City from enforcing Ironton Code sections 1250.05(b), 1252.99, 1258.02(a), 1282.09, and any other sections so related to the instant controversy in any way.

48. Enter an order declaring City code sections 1250.05(b), 1252.99, 1258.02(a), 1282.09, and any other sections so related to be preempted by and in violation of the Federal Fair Housing Act.

49. Enter an order declaring that any citations and violation notices issued to Plaintiff Moaz violate the federal Fair Housing Act, and order the City to expunge all records relating to citations and convictions of the same.

50. Plaintiffs are interested parties and request that this Court declare Plaintiffs' rights under the Federal Fair Housing Act as it relates to Ironton's moratorium on group homes; specifically by declaratory judgment that the City has illegally discriminated against the Plaintiffs in violation of the Fair Housing Act and American with Disabilities Act and that the City must offer reasonable accommodations.

51. Grant Plaintiffs recovery of all costs incurred in the instant case.

52. Award Plaintiffs compensatory damages.

53. Grant Plaintiffs an award of reasonable attorney fees.

54. Award any other such other relief as this Court deems just and proper.

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment with the relief requested.

Dated: October 17, 2025

Respectfully submitted,

_Joseph Sobecki_

**Joseph Sobecki**
Trial Attorney
Ohio Bar Number: 101714
405 Madison Avenue, Suite 910
Toledo, Ohio 43604
Direct: (419) 283-9282
Office: (419) 242-9908
Facsimile: (419) 242-9937
Email: joseph@josephsobecki.com
*Counsel for Plaintiffs Oxford House, Inc. and Moaz Ohio, LLC*

## VERIFICATION

I declare under penalty of perjury that the foregoing Verified Complaint is true and correct.

Executed on October 17, 2025.

_Joseph Sobecki_

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via electronic mail

on October 17, 2025, to all counsel or parties of record on the service list below.

_Joseph Sobecki_

Joseph Sobecki

## SERVICE LIST

**City of Ironton, Ohio**
c/o City of Ironton, Ohio, Solicitor Brigham M. Anderson
408 Park Avenue
P.O. Box 712
Ironton, Ohio 45638
Telephone: (740) 532-7779
Facsimile: (740) 532-7785
Email: andersonlawoffice@hotmail.com

**City of Ironton, Ohio**
c/o City of Ironton, Ohio, Solicitor W. Mack Anderson
408 Park Avenue
P.O. Box 712
Ironton, Ohio 45638
Telephone: (740) 532-7779
Facsimile: (740) 532-7785
Email: andersonlawoffice@hotmail.com